IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY HUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-144-LPS |
| | ) | |
| GEORGE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

John P. Deckers & Joseph M. Bernstein, Wilmington, DE.

    Attorneys for Plaintiff Anthony Hutt.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE.

    Attorney for Defendant George Hill.

**MEMORANDUM OPINION**

March 20, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff, Anthony Hutt ("Plaintiff"), an inmate housed at the James T. Vaughn Correctional Center in Smyrna, Delaware (the "JTVCC"), filed this civil action pursuant to 42 U.S.C. § 1983. (D.I. 3) Defendant, George Hill ("Defendant"), moved for summary judgment on September 24, 2012. (D.I. 17) For the reasons that follow, the Court will grant Defendant's motion for summary judgment.

## II. BACKGROUND

On February 17, 2012, the Court granted Plaintiff permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5) Following screening of Plaintiff's original Complaint (D.I. 3), which he filed *pro se*, the Court dismissed all of Plaintiff's claims without prejudice. (D.I. 8) On June 13, 2012, counsel entered their appearance for Plaintiff and filed an amended complaint on Plaintiff's behalf. (*See* D.I. 9, 10)

Plaintiff's Amended Complaint names George Hill, a correctional officer at the JTVCC, as the lone defendant. (D.I. 9) Plaintiff seeks declaratory relief based upon an alleged violation of his Eighth and Fourteenth Amendments rights pursuant to 42 U.S.C. §1983, as well as money damages and costs.[1] (*Id.*)

Plaintiff alleges that Defendant used excessive force on him while he served a term of

---

[1] Section 1983 of Title 42 of the United States Code provides private citizens a means to redress violations of federal law by state officials. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

incarceration at the JTVCC. Specifically, Plaintiff alleges that, on November 23, 2011, Defendant approached Plaintiff and inexplicably sprayed him in the face with a chemical agent, believed to be pepper spray. (*Id.* at 2) Plaintiff claims that he was then placed in handcuffs and forcibly removed from his prison cell. (*Id.*) Plaintiff adds that Defendant subsequently pushed him down a flight of steps, causing him to land face down on the floor. After being forced to lie on his face while still hand cuffed for approximately 10 to 15 minutes, Plaintiff claims that he was escorted to a "lockdown" cell located in the Maximum Security Unit at the JTVCC. Plaintiff further maintains that Defendant's actions were intentional, for the purpose of causing him harm, and not for any lawful purpose. (*Id.*)

On December 15, 2011, Plaintiff submitted a grievance to the authorities at the JTVCC. (D.I. 18 Ex. 1) The grievance was rejected because it was filed more than ten days after the date the incident was alleged to have occurred. (*Id.*) Plaintiff did not appeal the denial of his grievance pursuant to the JTVCC's administrative process. (*See id.* at Ex. 2, 3)

### III. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or

other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in

support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (D.I. 18 at 1) More particularly, Defendant argues that Plaintiff's grievance was insufficient, as Plaintiff failed to file it in a timely manner. (*Id.* at 1-2) Defendant further argues Plaintiff failed to file an adequate appeal from the denial of his grievance. (*Id.* at 2) In response, Plaintiff maintains that he was unable to file his grievance in a timely fashion because he was housed in the JTVCC's Maximum Security Unit. (D.I. 22 at 5-6)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *See Jones v. Bock*, 549 U.S. 199 (2007). Instead, the failure to exhaust administrative remedies must be pled and proven by the defendant. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the

4

forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Perfect overlap between the grievance and a complaint is not required, as long as there is a shared factual basis between the two. *See Jackson v. Ivens*, 244 F. App'x 508, 513 (3d Cir. Aug. 8, 2007) (not published) (citing *Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.")).

Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. *See* DOC Policy 4.4 (revised May 15, 1998) (D.I. 18 Ex. 3) First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution. Second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, and in turn forwarded to the Warden. Third, the Bureau Grievance Officer conducts the final level of review.

A reasonable factfinder reviewing the evidence of record could only conclude that Plaintiff failed to properly exhaust his administrative remedies. Defendant filed his lone grievance on December 15, 2011. (See D.I. 18 Ex. 1) The grievance indicates that the incident about which Plaintiff was grieving occurred on November 23, 2011, twenty-two days earlier. (*Id.*) Pursuant to DOC Policy 4.4, Plaintiff's grievance was untimely.[2]

---

[2] As Defendant points out (D.I. 23 at 2), even taking Plaintiff's affidavit as true and in the light most favorable to Plaintiff, Plaintiff lacked access to materials necessary for preparing his grievance for only a portion of the period between the occurrence of the incident and the filing of

5

Plaintiff also failed to avail himself of the appellate remedy provided by the JTVCC. (*See* D.I. 18 Ex. 2, 3) For this reason, as well, there is no genuine dispute of fact that Plaintiff failed to exhaust his administrative remedies. S*ee also Johnson v. Townsend*, 314 F. App'x 436, 442 (3d Cir. Aug. 7, 2008) (not published) (prisoner failed to satisfy PLRA administrative exhaustion requirements when he did not complete grievance process).

## VI. CONCLUSION

Accordingly, for the above stated reasons, the Court will grant Defendant's motion for summary judgment. (D.I. 17) An appropriate Order follows.

---

his grievance.